**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN ZATOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 1004 |
| vs. ) | |
| ) | Magistrate Judge Mason |
| VILLAGE OF PALATINE, and OFFICER ) | |
| CARROLL #115, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the Defendants, VILLAGE OF PALATINE and OFFICER CHARLES CARROLL, by and through his attorney JAMES L. DeANO, and pursuant to Federal Rule of Civil Procedure 50, request that judgment be entered in their favor on Plaintiff's excessive force claims. In support thereof, Defendants states as follows:

1. Plaintiff maintains that Officer Carroll used excessive force against him when Carroll applied the handcuffs too tightly.

2. Whether an officer has used excessive force is based on the standard of "objective reasonableness," that is from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Graham v. Connor, 490 U.S. 386, 396-97 (1989).

3. In the handcuffing context, police officers are permitted to use a minimal degree of force, including the application of handcuffs, to complete an arrest. Horton v. Wilson, 2002 WL 31719596 (N.D. Ill. 2002).

4. For the handcuffing to be unreasonable, the officer must know of an arrestee's medical condition and know that the condition could be aggravated by the handcuffs. Solomon v. Auburn Hills Police Department, 389 F.3d 167 (6th Cir. 2004).

5. Officer Carroll is entitled to judgment as a matter of law on Plaintiff's handcuffing claim because Carroll was justified in applying the handcuffs following a lawful arrest.

6. Officer Carroll is entitled to judgment as a matter of law because he did not know of Zatos' pre-existing injury or that normal handcuffing was likely to aggravate the pre-existing injury.

7. In order to prove that handcuffing constitutes excessive force, it is necessary for a Plaintiff to prove that the officer was aware of a pre-existing injury or knows that the handcuffing will seriously aggravate the pre-existing condition. Rodriguez v. Farrell, 280 F.3d 1341, 1252-53 (11th Cir. 2002).

8. Plaintiff's evidence establishes only that Zatos complained of a "big injury" and "lots of pain." This is insufficient to establish that Carroll knew of the nature and extent of the pre-existing injury and that normal handcuffing would lead to further injury or aggravation of the pre-existing injury.

9. Officer Carroll is entitled to judgment as a matter of law because he is entitled to qualified immunity.

10. Officer Carroll acted reasonably based on the information he had at the time of the handcuffing and he did not know the nature and extent of the pre-existing injury or that normal handcuffing could result in further injury.

11. Because he acted reasonably, Officer Carroll did not violate the Plaintiff's Fourth Amendment rights, and he is entitled to qualified immunity.

WHEREFORE, the Defendants, VILLAGE OF PALATINE and OFFICER CHARLES CARROLL, request that judgment be entered in their favor on Plaintiff's excessive force claims.

          Respectfully submitted,

          VILLAGE OF PALATINE and
               OFFICER CARROLL

          By:   s/James L. DeAno
              One of Defendants' Attorneys

James L. DeAno
DeAno & Scarry, LLC
53 W. Jackson Blvd.
Suite 550
Chicago, IL 60604
(630) 690-2800
Fax: (312) 564-4125